UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : 22-MJ-206 |
| | : |
| HENOS WOLDEMICHAEL, | : UNDER SEAL |
| | : |
| Defendant. | : |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO MODIFY RELEASE CONDITIONS

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully files this Opposition to the defendant's Motion to Modify Conditions of Release and Convert Preliminary Hearing to Status Hearing (ECF 18) (hereinafter Def. Motion). The government does not object to converting the preliminary hearing to a status hearing set for November 29, 2022 at 2 PM, but does object to the defendant's request that the Court lift his curfew requirement.

### FACTUAL BACKGROUND AND PROCEDURAL POSTURE

On January 6, 2021, the defendant, a lifetime resident of Virginia, traveled from Virginia to Washington, D.C. where he participated in the riot at the United States Capitol—including by shoving out furniture used as a barricade by officers to gain entry through the Senate Wing Door, and eventually breaking into a Senator's office and filming an interview there. On September 16, 2022, the defendant was charged via criminal complaint with violating 18 U.S.C. §§ 231(a)(3), 1752(a)(1), (2); and 40 U.S.C. § 5104(e)(2)(D), (G), and an arrest warrant was issued. (ECF 1.) An amended complaint was filed on September 28, 2022. (ECF 5.) The defendant was arrested on October 26, 2022 and had his initial appearance in the District of Columbia on the same day. During that hearing, the presiding magistrate judge ordered the defendant's release with

conditions, including placing the defendant on a curfew with GPS monitoring. (Minute Order on 10/26/2022.) This condition was requested by the defendant as an alternative to the government's request for home detention with GPS monitoring. (Minute Order on 10/26/2022.)

On November 23, 2022, the defendant filed his "Motion to Modify Conditions of Release and convert Preliminary Hearing to Status Hearing" (ECF 18.) This opposition follows.

## ARGUMENT

The defendant argues that the Court should reconsider its order imposing release conditions. The defendant's argument does not alleviate ongoing safety concerns.

The Bail Reform Act specifies that individuals released pretrial should be "subject to the least restrictive further condition, or combination of conditions, that…will reasonably assure the appearance of the person as required and the safety of any other person and the community." See 18 USC §3142 (C)(1)(B). Given the details of recent police reports from May 25, 2022 and June 21, 2022, the conditions set by the presiding magistrate judge should remain in place to reasonably ensure the safety of the community and particular individuals. (See Attachments A and B, filed under seal, unredacted copies previously provided to the defendant.) According to these reports, the defendant has repeatedly harassed a nearby family, yelling that they were "serp[e]nts" and holding a Bible while, as observed by an officer, "jumping the fence to gain entry into a backyard" and then trying "to open a secured back glass door in attempt to gain entry into the home." (See Attachment B, at 2.) After being taken into custody and put on a psychiatric hold due to these repeated instances of harassment and bizarre behavior, the defendant also made several disturbing statements to nurses and to himself in the presence of nurses. Specifically, the defendant stated that he is "the chosen one," "a military experiment about 'MK Ultra'," "part of the secret space program," and that he is "Patriot 17" and "nicknamed the 'Phoenix'" in connection with his

participation in the Capitol Riots specifically.

While it is encouraging that the defendant is complying with the court order to seek mental health treatment, one month of monitored behavior—during which the defendant has broken the court-ordered curfew twice—does not moot the need for the curfew and GPS monitoring for the defendant. Nor does the defendant's desire to take a second job outweigh the safety concerns for individuals and the community.

## CONCLUSION

WHEREFORE the United States respectfully requests that Defendant's motion to modify his release conditions should be DENIED.

Respectfully Submitted,

MATTHEW GRAVES
UNITED STATES ATTORNEY
DC Bar No.: 481052

By: */s/ Victoria A. Sheets*
VICTORIA A. SHEETS
NY Bar No. 5548623
Assistant United States Attorney
U.S. Department of Justice
601 D Street NW
Washington, DC 20530
(202) 252-7566
Victoria.Sheets@usdoj.gov

Stephen J. Rancourt
Texas Bar No. 24079181
Assistant United States Attorney, Detailee
601 D Street, NW
Washington, D.C. 20530
(806) 472-7398
stephen.rancourt@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel via the Electronic Case Filing (ECF) system, on November 28, 2022.

By:     */s/ Victoria A. Sheets*
VICTORIA A. SHEETS
NY Bar No. 5548623
Assistant United States Attorney
U.S. Department of Justice
601 D Street NW
Washington, DC 20530
(202) 252-7566
Victoria.Sheets@usdoj.gov